UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CLAIRE A. HERSHEY,

                                   Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.

**DECISION AND ORDER**

1:18-CV-833(JJM)

---

        This is an action brought pursuant to 42 U.S.C. §§405(g) and 1383(c)(3) to review the final determination of defendant Commissioner of Social Security that plaintiff was not entitled to disability insurance benefits ("DIB") or Supplemental Security Income ("SSI"). Before the court are the parties' cross-motions for judgment on the pleadings [6, 7].[1] The parties have consented to my jurisdiction [9]. Having reviewed the parties' submissions [6, 7, 8], this action is remanded to the Commissioner for further proceedings consistent with this Decision and Order.

**BACKGROUND**

        The parties' familiarity with the administrative record [5] is presumed. Plaintiff filed an application for DIB in June 2014 and a protective claim for SSI in January 2017. [5], pp. 12, 217. In both applications, she alleged a disability beginning on July 10, 2009 [id.], however the onset date was amended to December 18, 2012 due to a prior decision made on a prior application for benefits. Id., pp. 75, 110-28.

---

[1] Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

Plaintiff's DIB claim was initially denied. Id., pp. 139-43. Administrative Law Judge ("ALJ") Lynette Gohr conducted an administrative hearing on January 30, 2017 concerning both claims. Id., p. 71. Plaintiff appeared with counsel. Id., p. 69. ALJ Gohr heard testimony from both plaintiff and a vocational expert. Id., pp. 69-109. On April 14, 2017, ALJ Gohr issued her Decision concluding that plaintiff was not disabled. Id., pp. 9-30. This action ensued.

## A.     ALJ Gohr's RFC Determination

ALJ Gohr analyzed the evidence using the five-step, sequential evaluation process. Id., pp. 13-14; 20 C.F.R. §§ 404.1520, 416.920.[2] She determined that plaintiff's severe impairments were: "generalized anxiety disorder; post-traumatic stress disorder ('PTSD')[;] a lumbar fracture and lumbar spondylosis status post 2 surgeries". [5], p. 15. ALJ Gohr concluded that plaintiff:

> "has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, or crawl. She is limited to performing simple, routine tasks and making simple work-related decisions. The claimant can perform jobs that require minimal changes in work routines and processes. She can have frequent interaction with supervisors and coworkers and occasional interaction with the public."

Id., p. 17.

---

[2] The five steps are: 1) is plaintiff engaged in substantial gainful activity; 2) does plaintiff have a medically determinable, severe impairment or combination of impairments; 3) do plaintiff's severe impairments meet or equal the criteria of impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) after determining plaintiff's residual functional capacity, can plaintiff perform his or her past relevant work; and 5) can plaintiff perform any work, considering her residual functional capacity, age, education, and work experience? *See* 20 C.F.R. §§ 404.1520, 416.920; Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000). The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. *See* Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

1. **ALJ Gohr's Analysis of the Medical Evidence of Plaintiff's Physical Impairments**

ALJ Gohr outlined the plaintiff's testimony and treatment records at length in the section of her opinion devoted to her RFC determination. *See* id., pp. 17-25. Medical evidence in the administrative record includes a June 23, 2012 report of a lumbar MRI that revealed bulging discs at L3-4 and L4-5, and "mild facet arthropathy" at L5-S1. Id., pp. 19, 265. A thoracic MRI performed in April 2013 revealed normal findings. Id., pp. 19, 267.

On April 21, 2016, plaintiff reported to the emergency room after she fell from a second story window. Id., pp. 20, 307. Plaintiff complained of mid back pain radiating into both hips. Id. A CT scan of plaintiff's lumbar spine revealed a vertebral fracture at L1 with a small burst component. Id. The following day, plaintiff underwent fusion surgery from T11 to L3. Id., pp. 20, 308. Upon discharge from the hospital, Gregory Castiglia, M.D., plaintiff's orthopedic surgeon, restricted plaintiff from work and placed limitations on her ability to drive, exercise, lift, and bathe. Id., pp. 24, 326, 365. ALJ Gohr gave "little weight" to these limitations, concluding they were "temporary restrictions following lumbar fusion surgery" and because Dr. Castiglia did not re-evaluate plaintiff's ability to work. Id., p. 24.

Plaintiff followed up with Dr. Castiglia's office on May 5, 12, and 26, 2016. *See* id., pp. 20, 327-38. A May 12, 2016 lumbar x-ray showed "50% loss of vertebral body height at L1 when compared to the intraoperative study". Id., p. 333.

ALJ Gohr noted that "there are no medical source statements regarding the claimant's ability to work given her physical impairments", yet still found plaintiff had the physical RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl." [5], p. 17, 24. ALJ

Gohr did not request any additional information concerning plaintiff's functional limitations from her treating providers, did not request that plaintiff's attorney secure additional information, and did not order a consultative examination concerning plaintiff's functional limitations.

### 2. ALJ Gohr's Analysis of the Medical Evidence of Plaintiff's Mental Impairments

As with plaintiff's physical conditions, ALJ Gohr outlined plaintiff's records of mental health treatment in significant detail. *See* id., pp. 17-23. ALJ Gohr discussed a single Global Assessment of Functioning ("GAF") score in the record, assessed by Kalaiselvi Rajendran, M.D. on October 5, 2016. Id., p. 24, 301. Dr. Rajendran assigned plaintiff a GAF score of 55, which "indicates moderate symptoms or moderate difficulty in social, occupational, or school functioning".[3] Id., p. 24. ALJ Gohr gave "little weight" to the GAF score because "[a] GAF scores reflects one practitioner's subjective assessment of an individual's functioning at one point in time and can take into account factors other than mental impairments". Id., p. 24. ALJ Gohr further stated that "a GAF rating does not state or correspond to any particular limitations on work-related functioning and is, therefore, of limited use in evaluating an individual's residual functional capacity." Id.

ALJ Gohr also considered a statement in Dr. Rajendran's January 27, 2017 treatment note that plaintiff was "disabled."[4] Id. She assigned "little weight" to this statement. First, ALJ Gohr pointed out that the statement appeared to be a comment made by plaintiff, but

---

[3] Plaintiff's GAF score of 55 on October 5, 2016 placed her in the "51-60" category which indicates "[m]oderate symptoms (*e.g.,* flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (*e.g.,* few friends, conflicts with peers or co-workers)." DSM–IV, at 34; Zabala v. Astrue, 595 F.3d 402 (2d Cir. 2010). In addition, the record contains a GAD7 score of 21 which, according to the treatment note, "indicates severe anxiety". [5], p. 274.

[4] Although ALJ Gohr states this comment appeared in an October 2016 treatment note ([5], p. 24), the treatment note referenced is dated January 27, 2017 (id., pp. 304-05).

recorded by Dr. Rajendran.  Id.  However, even assuming it was Dr. Rajendran's statement, ALJ Gohr gave it little weight, because "[s]tatements that a claimant is 'disabled,' 'unable to work,' can or cannot perform a past job . . . are not medical opinions, but are administrative findings dispositive of a case . . . Such issues are reserved to the Commissioner".  Id.  Further, ALJ Gohr rejected the statement because it was "not consistent with Dr. Rajendran's mental status examinations or the mental status examinations by other examining and treating sources" and was not accompanied by "a function-by-function analysis of the claimant's ability to perform work-related activities".  Id.

Finally, ALJ Gohr gave "little weight" to the September 2014 statement of state agency review psychologist Cheryl Butensky, Ph.D. that "there was insufficient evidence to adjudicate this claim."  Id.  ALJ Gohr noted that the statement was not an opinion, but an "acknowledgment on the amount of evidence" in the file at the time.  Id.

Given the lack of any functional assessments from plaintiff's mental health providers concerning plaintiff's functional limitations, ALJ Gohr chose to rely on "the narrative treatment notes and mental status examinations" to arrive at her RFC, explaining that they "do not suggest greater limitations than those reflected in the above [RFC]".  Id.

## DISCUSSION

**A.     A. Standard of Review**

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error."  Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (*quoting* 42 U.S.C. §405(g)).  Substantial evidence is that which a "reasonable mind might accept as

adequate to support a conclusion". Consolidated Edison Co. of New York. Inc. v. NLRB, 305 U.S. 197, 229 (1938).

It is well settled that an adjudicator determining a claim for Social Security benefits employs a five-step sequential process. Shaw, 221 F.3d at 132; 20 C.F.R. §§404.1520, 416.920. The plaintiff bears the burden with respect to steps one through four, while the Commissioner has the burden at step five. Talavera v. Astrue, 697 F.3d 145, 151 (2d. Cir. 2012).

Here, plaintiff challenges ALJ Gohr's RFC determination because "the RFC assessment is the product of lay speculation and is unsupported by substantial evidence". Plaintiff's Memorandum [6-1], p. 7. In response, the Commissioner argues that "the objective evidence substantially supports the RFC finding" and that no medical opinion was necessary to support the ALJ's findings here. Commissioner's Brief [7-1], p. 12. I agree with plaintiff that ALJ Gohr failed to identify the substantial evidence supporting her RFC and remand this matter for further proceedings.

**B.    Was the RFC Supported by Substantial Evidence?**

The Commissioner argues that "[r]emand where the record contains no medical opinions is unnecessary where, as here, 'the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity'". Commissioner's Brief [7-1], p. 12, *citing* Tankisi v. Commissioner, 521 Fed. App'x 29, 33 (2d Cir. 2013) (Summary Order). An ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole". Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summary Order).

However, absent medical evidence of a plaintiff's functional limitations, "[n]either the trial judge nor the ALJ is permitted to substitute his own expertise or view of the

medical proof for the treating physician's opinion." Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000); Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) (*citing* Shaw, supra). Where there is an evidentiary gap in the record, the ALJ may not fill it with her own view of the remaining medical evidence. Instead, "[a]t the very least, the ALJ should have sought a conclusive determination from a medical consultant who was able to evaluate the plaintiff's entire medical record, given the absence of other evidence in the record by treating or examining sources specific to plaintiff's non-exertional limitations." Stackhouse v. Colvin, 52 F.Supp.3d 518, 521 (W.D.N.Y. 2014) (internal quotation and citation omitted). The absence of substantial evidence to support an ALJ's findings concerning a plaintiff's residual functional capacity is a basis for remand. *See* Mariani v. Colvin, 567 Fed. App'x 8, 11 (2d Cir. 2014) (Summary Order).

**1. Is ALJ Gohr's Physical RFC Assessment Supported by Substantial Evidence?**

The RFC need "not perfectly correspond with any of the opinions of medical sources cited in his decision". Matta v. Astrue, 508 Fed. App'x 53, 56 (2d Cir. 2013) (Summary Order). Further, an ALJ is "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole". Id. However, in the absence of a competent medical opinion concerning a plaintiff's functional abilities, an ALJ is "not qualified to assess a claimant's RFC on the basis of bare medical findings . . . . Thus, even though the Commissioner is empowered to make the RFC determination, where the medical findings in the record merely diagnose the claimant's exertional impairments and do not relate those diagnoses to specific residual functional capabilities, the general rule is that the Commissioner may not make the connection himself." Perkins v. Berryhill, 2018 WL 3372964, *3 (W.D.N.Y. 2018).

This is not a case where plaintiff's limitations are so slight that the ALJ may make a common-sense determination concerning RFC. ALJ Gohr found that plaintiff's severe

impairments included "a lumbar fracture and lumbar spondylosis status post 2 surgeries". [5], p. 15. ALJ Gohr acknowledged in her Decision that plaintiff had a four-level fusion surgery from T11 to L3. Id., p. 20. Plaintiff continued to complain of back pain months after her April 2016 surgery. Id. Further, by limiting plaintiff to sedentary work, ALJ Gohr acknowledged that plaintiff had significant limitations. *See* id., p. 17. As the Commissioner acknowledges, "[s]edentary work is the least rigorous of the five exertional categories of work recognized by SSA regulations, and by its very nature sedentary work requires a person to sit for long periods of time even though standing and walking are occasionally required." [7-1], p. 13.

ALJ Gohr noted that "there are no medical source statements regarding the claimant's ability to work given her physical impairments", yet still found plaintiff had the physical RFC "to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that she can occasionally climb ramps and stairs. She can never climb ladders, ropes, or scaffolds. The claimant can occasionally stoop, kneel, crouch, and crawl." [5], pp. 17, 24. Notwithstanding that ALJ Gohr devoted several pages in her RFC analysis to summarizing plaintiff's testimony and the medical evidence in the record (id., pp. 17-21), she did not explain how any of the information supports her specific RFC findings.

For example, ALJ Gohr does not identify any of the findings of any provider to support her finding that plaintiff can "occasionally stoop, kneel, crouch, and crawl." Further, although ALJ Gohr found that plaintiff could perform "sedentary work", she did not comment at all on plaintiff's ability to sit for the long periods of time required of sedentary work. *See* Social Security Ruling ("SSR") 96-9P, 1996 WL 374185, *6 (1996) ("[i]f an individual is unable to sit for a total of 6 hours in an 8-hour work day, the unskilled sedentary occupational base will be eroded"). "[A]n ALJ's determination of RFC without a medical advisor's assessment is not

supported by substantial evidence." Nelson v. Commissioner of Social Security, 351 F. Supp. 3d 361, 366 (W.D.N.Y. 2018).

ALJ Gohr's failure to support her RFC findings is an error that requires remand for development of the record on how plaintiff's back condition affects her ability to work:

> "Without reliance on a medical source's opinion or a function-by-function assessment connecting the medical evidence to the RFC, the ALJ's decision leaves the Court with many unanswered questions and does not afford an adequate basis for meaningful judicial review. Accordingly, the Court finds that the ALJ's RFC assessment is not supported by substantial evidence and that remand is required."

Perkins, 2018 WL 3372694, *4. Accordingly, this matter is remanded for a proper analysis of the plaintiff's physical RFC, including further development of the record, if necessary, as to how plaintiff's back condition affects her ability to work. Id.

### 2. Is ALJ Gohr's Mental RFC Assessment Supported by Substantial Evidence?

With respect to plaintiff's ability to perform the mental demands of work, ALJ Gohr found that plaintiff retained the RFC to perform "simple, routine tasks and making simple work-related decisions. The claimant can perform jobs that require minimal changes in work routines and processes. She can have frequent interaction with supervisors and coworkers and occasional interaction with the public." [5], p. 17. To support her analysis and findings of plaintiff's mental RFC, ALJ Gohr considered three pieces of opinion evidence: 1) the October 5, 2016 GAF score that Dr. Rajendran incorporated in her treatment note; 2) a statement in Dr. Rajendran's January 27, 2017 treatment note that plaintiff is "disabled"; and 3) Dr. Butensky's September 2014 opinion that there was insufficient evidence to adjudicate plaintiff's claim. Id., p. 24.

I agree that ALJ Gohr was entitled to reject each of these opinions. First, as ALJ Gohr stated, a single GAF score, unaccompanied by any additional information concerning a plaintiff's functional limitations, is "of limited use in evaluating an individual's residual functional capacity." Id. "[A]s a global reference intended to aid in treatment, a GAF score does not itself necessarily reveal a particular type of limitation and is not an assessment of a claimant's ability to work." Camille v. Colvin, 104 F.Supp.3d 329, 342 (W.D.N.Y. 2015) (internal citation omitted). Accordingly, by itself, Dr. Rajendran's single GAF score is entitled to "little weight" when assessing an RFC. [5], p. 24.

Second, Dr. Rajendran's statement in the January 27, 2017 treatment note that plaintiff is "disabled" is likewise entitled to "little weight." Statements from a medial source that a claimant is "disabled" are opinions on issues reserved to the Commissioner. *See* 20 CFR 404.1527(d) and 416.927(d) ("[w]e are responsible for making the determination or decision about whether you meet the statutory definition of disability. . . . A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled"); *see also* Taylor v. Barnhart, 83 Fed. App'x 347 (2d Cir. 2003) (Summary Order) ("Dr. Desai's opinion that Taylor was 'temporarily totally disabled' is not entitled to any weight, since the ultimate issue of disability is reserved for the Commissioner").

Third, I agree with ALJ Gohr's assessment that Dr. Butensky's September 2014 opinion that there was insufficient evidence to adjudicate plaintiff's claim was "not an opinion, but an acknowledgment on the amount of evidence." [5], p. 24.

All that remains in the medical evidence, therefore, are the notes of plaintiff's mental health treatment providers. *See* [5], pp. 21-23, 257, 270-74, 280-87, 293-96, 300-05. These records document plaintiff's reports to her providers concerning her symptoms, activities,

and history, and the providers' observations and notes concerning plaintiff's conditions, medication management, and medical advice. Id.  However, "[i]n the absence of opinion evidence, the ALJ's equating this type of information - treatment notes, observations by Plaintiff's providers, Plaintiff's medications and response to treatment, and activities of daily living - to specific functional capacities, was improper. Where the record primarily discusses a plaintiff's impairments, symptoms, and treatment, but does not shed light on the plaintiff's limitations, the ALJ may not rely on the record in determining the plaintiff's RFC." Dye v. Commissioner of Social Security, 351 F. Supp. 3d 386, 392 (W.D.N.Y. 2019).  This is especially true for mental impairments.  *See* Stoeckel v. Commissioner of Social Security, 2019 WL 5445518, *3-4 (W.D.N.Y. 2019) ("the effect a mental impairment has on one's ability to work is not the sort of inquiry susceptible to lay evaluation. . . . the Court concludes that the ALJ erred when he rejected all of the record medical opinions and proceeded to evaluate Stoeckel's mental RFC based on his own lay interpretation of the evidence").

Because ALJ Gohr did not directly link any of the evidence in the record to her findings of plaintiff's mental RFC, it is not evident what record evidence permitted her, as a lay person, to reach a very specific RFC that plaintiff can, for example, "perform jobs that require minimal changes in work routines and processes",  and that plaintiff  "can have frequent interaction with supervisors and coworkers", but only "occasional interaction with the public". [5], p. 17.  It is unclear to me "how the ALJ, who is not a medical professional, was able to make this determination without relying on a medical opinion." Guttierez v. Berryhill, 333 F.Sup.3d 267, 272 (W.D.N.Y. 2018).

Where, as here, the ALJ finds that a plaintiff has severe mental health impairments, she is "required to obtain opinion evidence relating to Plaintiff's severe mental

impairments to specific functional capacities". Dye, 351 F. Supp. 3d at 393. ALJ Gohr found that plaintiff's severe impairments included generalized anxiety disorder, PTSD, and bipolar disorder. [5], p. 15. Accordingly, I find that ALJ Gohr erred when she failed to obtain opinion evidence of plaintiff's non-exertional limitations. "Where serious mental illness is at issue, the ALJ may not make these sorts of seemingly common-sense judgments about a claimant's abilities". Stoeckel, 2019 WL 5445518, *3. Therefore, on remand "the ALJ should further develop the record to obtain a medical opinion as to Plaintiff's mental limitations". Dye, 351 F.Supp.3d at 394.

## CONCLUSION

For these reasons, plaintiff's motion for judgment on the pleadings [6] is granted to the extent that this case is remanded to the Commissioner for further proceedings consistent with this Decision and Order, but is otherwise denied, and the Commissioner's motion [7] is denied.

**SO ORDERED**.

Dated: March 30, 2020

       /s/ Jeremiah J. McCarthy
      JEREMIAH J. MCCARTHY
      United States Magistrate Judge